Manley CARGILL, Petitioner–Appellant,

v.

Marvin D. MORRISON, Respondent–Appellee.

No. 03–40254.
Conference Calendar

United States Court of Appeals,
Fifth Circuit.

Aug. 20, 2003.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Manley Cargill, pro se, Beaumont, TX, for Petitioner–Appellant.

Before JONES, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM.*

Manley Cargill, federal prisoner # 41436–004, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition, in which he challenged his convictions for a continuing criminal enterprise and drug conspiracies pursuant to *Rutledge v. United States,* 517 U.S. 292, 116 S.Ct. 1241, 134 L.Ed.2d 419 (1996). Cargill cannot establish that he meets the standard for filing a 28 U.S.C. § 2241 petition under the "savings clause" of 28 U.S.C. § 2255 because *Rutledge* was available at the time Cargill filed his first 28 U.S.C. § 2255 motion. *See Reyes–Requena v. United States,* 243 F.3d 893, 904 (5th Cir.2001). Cargill is incorrect in his assertion that *Rutledge* was unavailable at the time he filed his first 28 U.S.C. § 2255 motion because such a claim would have been untimely. *See* 28 U.S.C. § 2255 ¶ 6; *United States v. Flores,* 135 F.3d 1000, 1005–06 (5th Cir.1998). The "savings clause" does not violate the Suspension Clause of the Constitution. *Reyes–Requena,* 243 F.3d at 901 n. 19. Consequently, the judgment of the district court is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.